[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Irwin J. Gordon, filed a one-count amended complaint against the defendants, Howard J. Ignal and Weinstein, Weiner, Ignal, Vogel Napolitano, PC on May 5, 1997. The plaintiff alleges the following facts. On or between April 5, 1990 and August 14, 1990, the plaintiff was retained as an CT Page 9859 attorney to collect an account of Mercantile Bank of Kansas City against Robert and Carolyn Satawhite. The plaintiff commenced suit and obtained a judgment on December 10, 1990 in the amount of $7,191.79, and a wage execution was subsequently issued on March 6, 1991 and levied by a sheriff. On June 11, 1992, the defendants wrote to the Bridgeport comptroller[1] directing him to send all wage executions directly to the defendants' office without notice to the sheriff or the plaintiff. Since June of 1992, the city of Bridgeport has been sending all payroll deductions to the defendants, despite the fact that the plaintiff has a charging lien on all payroll deductions. Although the plaintiff has demanded payment, the defendants refuse and neglect to pay.
On March 9, 1998, the plaintiff filed a motion for summary judgment on the ground that there is no genuine issue of material fact in the amended complaint. The defendants filed a memorandum in opposition to the motion for summary judgment on March 27, 1998. The matter was heard by the court on March 30, 1998.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment] . . ." (Internal quotation marks omitted.)Maffucci v. Royal Park Limited Partnership, 243 Conn. 552,554-55, A.2d (1998).
The plaintiff argues that he is entitled to a charging lien, because he has rendered services in instituting and conducting a favorable suit on behalf of Mercantile Bank of Kansas City (MBKC), and therefore has an equitable lien upon the judgment. The plaintiff also argues that he was not discharged for cause by CT Page 9860 MBKC. The plaintiff further argues that even if he was discharged for cause, the defendants do not cite any cases stating that an attorney discharged for cause after obtaining a judgment cannot claim a charging lien.
The defendants argue that there is no express agreement to pay fees to prior counsel, and thus no basis for the plaintiff to recover as predecessor counsel. The defendants also argue that an issue of fact exists concerning whether MBKC discharged the plaintiff for cause. The defendants argue that if the plaintiff was discharged for cause, he would not be entitled to collect a retaining lien under Marsh, Day Calhoun v. Solomon,204 Conn. 639, 529 A.2d 702 (1987). The defendants also argue that there is no debt due the plaintiff, since the defendants did not agree to pay the plaintiff for his services in the collection suit. The defendants further argue that they do not have possession of the proceeds of the wage executions, which belong to MBKC.
"An attorney's retaining lien is a possessory lien on a client's papers and files that the attorney holds until his fee has been paid . . . A retaining lien differs from a charging lien, which is a lien placed upon any money recovery or fund due the client at the conclusion of suit . . . A retaining lien affords only the right to retain possession until all proper charges are paid. There is no right of sale and the retaining lien's principal value is the leverage that the lien gives to the attorney over a client who refuses to pay for services rendered."Marsh, Day Calhoun v. Solomon, supra, 204 Conn. 643. "In Marsh,Day Calhoun v. Solomon, supra, the Supreme Court approved, albeit in the context of retaining rather than charging liens, the principle that an attorney who has worked on a matter shall be favored with regard to the asset he or she has worked to create. Such recognition suggests that the Supreme Court would continue to recognize the existence of a common law charging lien against a recovery secured by the efforts of an attorney where . . . there is a written agreement that entitles the attorney to obtain his fee from the recovery." McNamara Goodmanv. Pink, 44 Conn. Sup. 592, 601-02, 696 A.2d 1328, 18 CONN. L. RPTR. 660 (1997). "It is generally recognized that under Connecticut law the scope and extent of its common law charging lien is not limited to the services rendered by the attorney in the particular action that produced the fund against which the lien is claimed, but also includes . . . the full balance due for all previously rendered services as well." Twachtman v. Hastings,
Superior Court, judicial district of Tolland, at Rockville, CT Page 9861 Docket No. 057307 (July 23, 1997) (Hammer, J.T.R.) (20 CONN. L. RPTR. 145).
The plaintiff has submitted an affidavit in which he states that he was retained by MBKC on April 5, 1990, to pursue a collection matter against the Satawhites. The plaintiff states that he obtained a judgment on December 10, 1990 and obtained a wage execution which was levied by the sheriff on March 23, 1991. The plaintiff has failed to submit evidence demonstrating that the plaintiff and MBKC had a written contingency fee agreement whereby the plaintiff was to obtain his fee from the judgment recovered. The plaintiff has only supplied a letter dated April 5, 1990 written on behalf of MBKC to the plaintiff. This letter states in part: "Please advise us if you will undertake collection of the [Satawhite] claim due our client, Mercantile Bank of Kansas City on a 1/3 contingency." There is no other evidence submitted indicating whether this offer was ever accepted, and if it was, whether it was accepted based on the stated terms in the letter. Therefore, the plaintiff has failed to show the prerequisites to the creation of a charging lien as a matter of law. See McNamara Goodman v. Pink, supra,
44 Conn. Sup. 602, 18 CONN. L. RPTR. 660; Brunswick v. Safeco Ins.Co., Superior Court, judicial district of New Haven at New Haven, Docket No. 336241 (February 26, 1997) (Fracasse, J.), aff'd48 Conn. App. 699, A.2d (1998) (where there is no enforceable contract between the parties there is no contract for fees to support the charging lien); Sawmill Brook Racing v. Boston RealtyAdvisors, Superior Court, judicial district of Middlesex at Middletown, Docket No. 069309 (March 14, 1997) (Arena. J.) (charging lien upheld where attorneys for the plaintiff presented evidence of an express contract for fees entered into by the attorneys and the plaintiff); Paine Webber, Inc. v. Chapman,Moran, Superior Court, Judicial district of Fairfield at Bridgeport, Docket No. 290715 (September 7, 1994) (McGrath, J.) (underlying any charging lien must be an express or implied contract for fees entered into by the attorney and client; such a lien may also be created by a contingency fee agreement in which the parties contract that the attorneys fees will come from the judgment recovered). Accordingly, the plaintiff's motion for summary judgment is denied.
STODOLINK, J.